STATE OF MAINE *vs.* MARY L. GARING *alias* MADAM LOPEZ.

Cumberland.   Opinion October 20, 1882.

*Challenge.   House of ill fame.   Practice.*

The finding of the presiding justice that no challenge has been made is conclusive.

A single act of illicit intercourse in a house is not sufficient to constitute it a house of ill fame, and a refusal so to instruct when requested is erroneous.

ON EXCEPTIONS from superior court.

The opinion states the case.

*Ardon W. Coombs,* county attorney, for the state, cited: *Com.* v. *Ballou,* 124 Mass. 26 ; R. S., c. 17, § 1; c. 134, § 20 ; c. 82, § 66.

The request was for a negative instruction.   Such instruction is wholly unnecessary where full and appropriate affirmative instructions are given.

The complaint is not that the judge instructed affirmatively that one act of lewdness would be sufficient, but rather that having already fully and accurately instructed the jury as to the offense, he refused to instruct them as to what would not constitute the offense when there was nothing in the evidence to call for such instruction.

*H. D. Hadlock,* for the defendant.

Counsel cited : 2 Whart. Crim. Law, § 2395 ; *State* v. *Brunell,* 29 Wis. 435 ; *State* v. *Boardman,* 64 Maine, 529 ; *State* v. *Evans,* 5 Ind. 603 ; *Com.* v. *Lambert,* 12 Allen, 177 ; 2 Arch. Crim. Prac. § 1786.

APPLETON, C. J. The respondent is indicted for keeping and maintaining a nuisance under R. S., c. 17, § 1.

I. The respondent claims that the right of challenge was denied her.

By R. S., c. 82, § 66, in case of a drawn jury either party may peremptorily challenge two of the jurymen as they are sworn.

It not appearing in this case that there was a drawn jury, the respondent had the right by § 73, to peremptorily challenge one juror from the panel.

It appears that the clerk commenced reading the indictment when the respondent informed the court that she objected to one, Samuel Bell, who had been sworn as one of the jury. The presiding justice, not having heard the challenge and being informed by others that they had not heard it, ordered the clerk to proceed, who thereupon read the indictment and the trial was had and the jury with Bell as one of the panel, returned a verdict of guilty against the respondent.

This discussion related only to the past. The presiding justice found no challenge had been made. His finding is conclusive. None having been made, it does not appear after that fact had been ascertained that Bell was challenged, but that the trial proceeded without such challenge. The respondent fails to show that she has any ground of complaint in this respect.

II. The indictment is for a nuisance consisting in keeping a house of ill fame, "resorted to for lewdness and gambling" and "for the illegal sale and for the illegal keeping of intoxicating liquors," &c.

The respondent requested the court to instruct the jury "that one single act in a house is not sufficient to constitute it a house of ill fame," which the presiding justice refused.

The evidence, as reported in the bill of exceptions, tended to show that the house was kept as a house of ill fame "resorted to by lewd men and women for the purposes of prostitution,"

and that this was the principal issue. The request was pertinent. The instruction requested should have been given. A single act of illicit intercourse in a house is not the keeping a house of ill fame. It may, with other circumstantial evidence be sufficient to satisfy a jury that it was kept for the purposes of lewdness and gambling. But it is entirely insufficient, in the absence of all other evidence, to show the house was "resorted to" for the purposes forbidden by the statute. *Com.* v. *Lambert,* 12 Allen, 177.

*Exceptions sustained.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.